**Robert Saks MECHIGIAN, on behalf of himself and all other investors similarly situated, Plaintiff,**

v.

**ART CAPITAL CORP., Marigold Enterprises, Inc., American Contemporary Art, Inc., Notar Services Corp., Harris Shapiro, Marilyn Goldberg, Harry Gurwitch, Joseph P. Notaro, Sigmund Rothschild, F. Peter Rose, Joseph Gandolfo, and Harry J. Schaare, Defendants.**

No. 84 Civ. 4617 (KTD).

United States District Court,
S.D. New York.

July 10, 1986.

Wayne O. Alpern, New York City, for plaintiff.

Leonard, Kenny & Stearns, New York City, for defendant Joseph Gandolfo; James M. Leonard of counsel.

Booth, Lipton & Lipton, New York City, for defendants Harris Shapiro, Art Capital Corp., Sigmund Rothschild, F. Peter Rose, and Harry Gurwitch; H. Adam Prussin of counsel.

Robert M. Simels, P.C., New York City, for defendants Marigold Enterprises, Ltd. and Marilyn Goldberg.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Robert Saks Mechigian, originally brought this action alleging (1) conspiracy to fraudulently induce investment; (2) violation of state securities laws; (3) violation of federal securities laws; (4) fraud, misrepresentation, and deceit; (5) innocent misrepresentation; (6) negligence; (7) breach of fiduciary duty; and (8) breach of contract. By Memorandum & Order dated June 25, 1985 the securities, conspiracy, and fiduciary duty claims were dismissed with prejudice, the fraud and innocent misrepresentation claims were dismissed without prejudice to plaintiff filing a properly pleaded amended complaint, the negligence claim was dismissed as to all defendants except two, and plaintiff's class action certification motion was denied. Familiarity with this decision is presumed. Plaintiff has since filed an amended com-

plaint (the "Amended Complaint") and now defendants Joseph Gandolfo, Harris Shapiro, Art Capital Corp., Sigmund Rothschild, F. Peter Rose, Harry Gurwitch, Marigold Enterprises, Ltd., and Marilyn Goldberg move to dismiss the Amended Complaint.

 Defendants' principal objection to plaintiff's Amended Complaint is that it reasserts all of the claims and allegations dismissed by the June 25, 1985 decision, 612 F.Supp. 1421. Plaintiff argues that the dismissed claims and class action allegations were repeated in the Amended Complaint simply "as a procedural safeguard ... in order to preserve his right to appeal" my determinations on these pleadings. Plaintiff's Memorandum Of Law In Opposition To The Motion Of Various Defendants To Dismiss The Amended Complaint, 5. I thoroughly agree with defense counsel that plaintiff's fear that failure to include the dismissed claims in the Amended Complaint might result in a waiver of his right to appeal is entirely unjustified and that, if anything, all plaintiff needed to do to preserve that right would be to insert one sentence in the Amended Complaint stating that it was incorporating the claims in the original complaint. I also agree that it is unfair to require defendants to answer plaintiff's 95 page Amended Complaint paragraph by paragraph when the clear majority of the claims it asserts have already been dismissed. I do not find it appropriate, however, to hold that plaintiff's action warrants dismissal of the Amended Complaint. Rather, defendants are simply directed to answer only those portions of the Amended Complaint which have not already been dismissed.

Defendants also object that, with regard to plaintiff's fraud claim, plaintiff has not set forth, as required by my previous decision, the factual basis for his allegations of fraud pleaded on information and belief and, instead, has simply eliminated most references to "information and belief." Defendants, however, only cite to three

instances of such allegations: "[1] claims that similar frauds were committed on numerous other purchasers, [2] allegations concerning the dealings of defendants with one another [and] [3] the 'true' value of 'Track Relay' (plaintiff's art purchase)—something plaintiff pleads over and over again he is unqualified to assess...." Memorandum Of Defendant Shapiro And Art Capital Corp. In Support Of Motion To Dismiss Amended Complaint, 3.

 I note first that plaintiff's amended fraud claim is sufficiently particular not to be dismissed even assuming the inadequacy of the challenged allegations. With regard to defendants' specific objections, plaintiff does not contest that many of the allegations in the Amended Complaint are not based upon personal knowledge but rather upon information and belief. He proffers a number of reasons for his failure to specifically state that these allegations are based upon information and belief, including: (1) that it is self-evident from the nature of the allegations that they could not have been based upon his personal knowledge but upon information and belief; and (2) as a result of plaintiff's counsel's certification under Fed.R.Civ.P. 11, it is clear that all allegations are based upon "knowledge, information, and belief." Although unquestionably it would have been preferrable for plaintiff to have specifically stated which allegations were based upon information and belief rather than personal knowledge, I do not consider the allegations so deficient as to warrant dismissal of his fraud claim. The Amended Complaint, when read in its entirety, sets forth the factual basis for plaintiff's allegations. Defendants, though understandably distressed at the prospect of having to decipher and answer plaintiff's verbose and convoluted Amended Complaint,[1] have been sufficiently apprised of the substance of plaintiff's fraud claim.

In addition to the arguments already addressed, defendant Gandolfo, on his own behalf, objects to other aspects of plain-

---

1. Plaintiff's Amended Complaint is, *inter alia,* a gross violation of the requirement of Fed.R. Civ.P. 8 that pleadings contain short and plain statements of the claims being asserted and that each averment be simple, concise, and direct.

tiff's Amended Complaint. First, Gandolfo moves pursuant to Rules 9(b) and 12(b)(6) of the Fed.R.Civ.P. to dismiss plaintiff's fraud claim. Plaintiff argues that his fraud claim against Gandolfo states a cause of action and is sufficiently particular.

"[T]he traditional five elements of fraud [are]: misrepresentation of a material fact, falsity of that representation, scienter, reliance and damages...." *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir.1980) (emphasis omitted). Although plaintiff's fraud claim appears to be particularly tenuous as to Gandolfo, I find sufficient facts have been alleged to survive a motion to dismiss and to apprise Gandolfo of the specifics of the claim against him. Mechigian alleges, *inter alia*, that Gandolfo represented through his Investment Brochure that he:

> ▮ acted purely as an "objective outsider" in making [investment] recommendations ... [and] [2] only made such recommendations after fully gathering and analyzing all the data about the investment ... [when] [1] in fact, Gandolfo was not acting either objectively or as an independent outsider, but purely as a finder on behalf of the ACA promoters with a personal interest in soliciting Mechigian and inducing him to purchase ... [and] [2] in fact, Gandolfo willfully or recklessly disregarded or failed to ascertain the facts and data about the ACA Art Master Program before recommending it....

Amended Complaint, ¶¶ 49(c) and (d) and 52(c) and (d). Mechigian also claims that (1) Gandolfo acted with scienter, (2) Mechigian relied on the above mentioned and other alleged misrepresentations, and (3) Mechigian was damaged as a result. Amended Complaint, ¶¶ 51, 90, and 93. Thus, keeping in mind the Supreme Court's teaching that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), Gandolfo's motion to dismiss plaintiff's fraud claim must be denied.

Gandolfo also moves to dismiss as to him plaintiff's breach of contract claim. Gandolfo, however, appears to consider only plaintiff's possible contract action arising out of plaintiff's specific agreement to purchase "Track Relay," *see* Memorandum Of Law In Support Of Motion By Defendant, Joseph Gandolfo, To Dismiss Plaintiff's Amended Complaint, 12, an agreement Gandolfo clearly was not a party to. Plaintiff argues, and the Amended Complaint when read in its entirety can be interpreted to allege, that the contract Gandolfo is being sued on is not the actual purchase contract, but a contract to provide expert investment advice. Whether plaintiff's contract claim against Gandolfo is meritorious is a decision which must be left to the future.

Gandolfo and the other moving defendants also request the dismissal of plaintiff's newly asserted claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, essentially arguing that because plaintiff's fraud claims are deficient, the RICO claim necessarily must also fall. Given that plaintiff's fraud claims have not been dismissed, however, and in light of the Supreme Court's broad reading of RICO, *see Sedima, S.P.L.R. v. Imrex*, —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), dismissal of plaintiff's RICO claim is not appropriate.

▮ Plaintiff requests in his opposition papers to Gandolfo's motion that his negligence and breach of fiduciary duty claims against Gandolfo be reinstated. Plaintiff appears to rest his assertion that Gandolfo owed Mechigian a fiduciary duty on a finding that Gandolfo was an "investment adviser" within the meaning of The Investment Advisers Act of 1940 (the "Act"), 15 U.S.C. § 80b–2(11). The Act, however, defines an "investment adviser" as:

> [a]ny person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of *securities* or as to the advisability of investing in, purchasing, or selling *securities*, or who,

for compensation and as part of a regular business, issues or promulgates analyses or reports concerning *securities* . . . .

*Id.* (emphasis supplied). Thus, as I have already held that in purchasing "Track Relay" plaintiff did not purchase a security, it is clear that Gandolfo cannot be considered to be an "investment adviser" within the scope of the Act. Accordingly, as more fully set forth in my June 25, 1985 decision, plaintiff has not sufficiently demonstrated that defendants, including Gandolfo, owed plaintiff a fiduciary duty. Similarly, plaintiff's negligence claim against Gandolfo was appropriately dismissed because plaintiff has provided no support for finding that Gandolfo owed plaintiff a duty of care.

In sum, defendants' motions to dismiss are denied. Defendants' requests for Rule 11 sanctions are also denied at present.

Finally, I note that it is appropriate that discovery has been stayed during the pendency of these potentially dispositive motions. The parties are now directed to appear before me at a Pre-Trial Conference on July 31, 1986 at 10:00 a.m. in Courtroom 705.

SO ORDERED.